```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
VICTORY LEDGERWOOD F/K/A GAIL                               :   **MEMORANDUM**
LEDGERWOOD,                                                 :   **DECISION AND ORDER**
                                                            :
                        Plaintiff,                          :
                                                            :   15 Civ. 1944 (BMC)
            - against -                                     :
                                                            :
OCWEN LOAN SERVICING LLC, ET AL.,                           :
                                                            :
                        Defendants.                         :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brought this action to challenge alleged infirmities in a residential mortgage loan that she obtained. By Memorandum Decision and Order dated November, 21, 2015, I dismissed her federal claims under the Real Estate Settlement and Procedures Act, the Truth in Lending Act, and the Fair Credit Reporting Act, and declined to exercise supplemental jurisdiction over related state law claims. Ledgerwood v. Ocwen Loan Servicing LLC, No. 15 Civ. 1944, 2015 WL 7455505 (E.D.N.Y. Nov. 21, 2015). Defendants have moved for reconsideration as to the state law claims. They point out that plaintiff alleged not only federal question jurisdiction, but diversity jurisdiction. Although defendants are correct that plaintiff also alleged diversity jurisdiction, she did not allege sufficient facts to show that the Court actually had such jurisdiction. Nevertheless, defendants have supplied the missing facts as to their citizenship, and it is clear that the Court does have diversity jurisdiction over plaintiff's state law claims. Accordingly, defendants' motion for reconsideration is granted, and the state law claims are addressed below.

In addition, plaintiff has moved for reconsideration as to her federal claims. That motion is without merit for the reasons stated below and is therefore denied.

**BACKGROUND**

The facts are simply stated, and are clear from the documentation that plaintiff has either submitted or referenced in her complaint. She took a $293,600 mortgage loan from New Century Mortgage Corp. in September, 2006. New Century recorded it, showing itself as lender and MERS as its nominee. New Century then transferred the note to a mortgage trust of which defendant Deutsche Bank was the Trustee. The trust was formed pursuant to a Pooling and Service Agreement (the "PSA"). After about seven years, MERS assigned the mortgage to the trust.

**DISCUSSION**

**I.      Plaintiff's State Law Claims**

The basis for evaluating a complaint challenged under Federal Rule of Civil Procedure 12(b)(6) is well established. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A pleading that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678 (internal quotation marks omitted). When deciding a motion to dismiss, all factual allegations in the plaintiff's complaint are presumed to be true and viewed in a light most favorable to the plaintiff. See Ferran v. Town of Nassau, 11 F.3d 21 (2d Cir. 1993).

Additionally, the Court may only consider "the complaint as well as 'any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference.'" Alyanaram v. Am. Ass'n of Univ. Professors at the N.Y. Inst. of Tech., Inc., 742 F.3d 42 (2d Cir. 2014) (quoting Yak v. Bank Brussels Lambert, 252 F.3d 127, 130 (2d Cir. 2001)).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. The Court is required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. See Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); Sealed Petitioner v. Sealed Defendant # 1, 537 F.3d 185, 191-93 (2d Cir. 2008).

Plaintiff has asserted six state law claims challenging various aspects of her mortgage.

   A. Mortgage Claims

Plaintiff brings two causes of action which seek cancellation of her mortgage and quiet title to her property. To maintain a quiet title claim, plaintiff must allege "actual or constructive possession of the property and the existence of a removable 'cloud' on the property, which is an apparent title, such as a deed or other instrument that is actually invalid or inoperative." Herbert v. HSBC Mortg. Serv., No. 13 Civ. 0322, 2014 WL 3756360, at *9 (E.D.N.Y. June 30, 2014) (citing Barberan v. Nationpoint, 706 F. Supp. 2d 408, 417 (S.D.N.Y. 2010)). According to plaintiff, this cloud is the existence of an invalid mortgage. Plaintiff alleges her mortgage is invalid for several different reasons: MERS was improperly appointed as mortgagee, as it cannot be listed on the title as the mortgagee of record; the note and mortgage have been split, rendering them invalid; and the transfer of the property to the Trust did not conform to the PSA, which

makes the mortgage invalid.  None of the alleged mortgage defects identified by plaintiff give rise to a claim.

First, there is nothing wrong *per se* with MERS acting as nominee and mortgagee of record.  For one thing, plaintiff expressly agreed in her mortgage that it would fulfill that role.  In addition, the New York Court of Appeals recognized MERS' ability to serve as nominee in Merscorp v. Romaine, 8 N.Y.3d 90, 828 N.Y.S.2d 266 (2006), where the Nassau County Clerk refused to record titles held in MERS' name.  The Court of Appeals, granting Article 78 relief, held that "the County Clerk is required to accept MERS assignments and discharges of mortgages for recording."  Id. at 98, 828 N.Y.S.2d at 270.

As the concurring opinion in Merscorp points out, the decision says nothing about whether MERS' nominee status constitutes an impermissible splitting of the mortgage and note, which is part of the argument plaintiff is raising here.  But in the context of this case, that argument has no merit.

Her "splitting" argument, to start with, gets things precisely backwards.  Impermissible "splitting" occurs when the mortgagee attempts to transfer the mortgage but keeps the mortgage note, or transfers the note to a different party from the one to which it has transferred the mortgage.  But when the note itself is transferred, the mortgage, by operation of law, goes with it, and there has therefore been no splitting.  Knox v. Countrywide Bank, 4 F. Supp. 3d 499 (E.D.N.Y. 2014).

That is what happened here, and the documents that plaintiff has submitted show it clearly.  Her lender, New Century, recorded the mortgage, showing itself as originating lender and MERS as it nominee.  New Century then assigned its note to the Trustee.  MERS assigned

4

the mortgage to the Trustee. The Trustee thus holds both the note and the mortgage; nothing has been split.

I think that what plaintiff may be arguing is that because there was a period of time during which MERS was nominee on the mortgage while the Trustee was the assignee of the note, the note and mortgage were split; the mortgage was thereby extinguished; and it could not be revived by their reunification at a later date. Her argument is buttressed by the fact that MERS subsequently assigned the mortgage to the Trustee; after all, if the Trustee already had the beneficial interest in the mortgage by operation of law (through the assignment of the note), then why did it need to assign the mortgage?

Although the documents do not clearly disclose the answer to this question, there are reasons why the Trustee might want its own name on the title, rather than just the beneficial interest, such as giving it the ability to foreclose in its own name. In any event, it does not change the basic rule cited above that the mortgage travels with the note, and a splitting problem arises only when a party attempts to assert rights under a mortgage but does not hold the mortgage note – not the reverse. This is known as the "principal-incident rule," with the note being the "principal" and the mortgage being the "incident." Judge Bianco summarized it best in Knox, 4 F. Supp. 3d at 507-08, when he stated: "[W]hile a mortgage (the incident) is unenforceable apart from its note (the principal), the note is nonetheless enforceable apart from its mortgage." In the instant case, if some subsequent transaction leads to a mortgage holder attempting to foreclose who does not own the note, plaintiff may be able to raise a splitting defense, but that possibility has nothing to do with invalidating the mortgage.

Finally, plaintiff alleges that the Trustee does not hold valid title to the note and mortgage due to unspecified improprieties in New Century's and/or MERS' endorsement

of them in accordance with the terms required by the PSA. However, in a case presenting a virtually identical structured transaction, the Second Circuit has squarely held that a borrower lacks standing to raise these claims because the borrower is not a party to the PSA. Rajamin v. Deutsche Bank National Trust Co., 757 F.3d 79 (2d Cir. 2014). There, the Second Circuit emphasized that "the terms of a contract may be enforced only by contracting parties or intended third-party beneficiaries of the contract." Id. at 86. Plaintiff is neither a contracting party to the PSA, nor an intended beneficiary. Plaintiff cannot allege she suffered a concrete injury, she does not contend that another party has tried to collect mortgage payments from her, and she expressly admits to entering into the mortgage.[1]

Plaintiff's opposition motion argues there was a violation of the New York Trust Law Section 7-2.4. That statute essentially provides that any act that a trustee does in contravention of the trust is void. The Second Circuit addressed this argument in Rajamin as well, and determined that the plaintiffs did not have standing under New York Trust Law Section 7-2.4 because they were not intended beneficiaries of the trust.

None of the theories set forth by plaintiff articulate a valid theory for upon which the Court could find plaintiff's mortgage was invalid.

### B. Intentional Misrepresentation Claim

Plaintiff asserts that defendants intentionally did not disclose material information about her mortgage, and plaintiff reasonably relied on the representations of defendants in the loan process. Her allegations are vague. Her theory is that the "mortgage loan was in fact a disguised

---

[1] Plaintiff's reliance on the trial court decision in Wells Fargo Bank, N.A. v. Erobobo, 39 Misc. 3d 1220A (Sup. Ct. Kings Co. 2013), rev'd, 127 A.D.3d 1176, 9 N.Y.S.3d 312 (2d Dep't 2015), is misplaced, as the Appellate Division reversed that decision.

securities transaction and the true parties and terms were never disclosed," and that the mortgage documents were "fabricated solely for the purpose of creating the authority to foreclose."

In an intentional misrepresentation cause of action, a plaintiff must show that (1) the defendant made a material false statement or omission; (2) the defendant intended to defraud the plaintiff; (3) the plaintiff reasonably relied upon the representation or omission; and (4) the plaintiff suffered damage as a result of such reliance. See <u>Cent. Pacific, Inc. v. Hilton Hotels Corp.</u>, 528 F. Supp. 2d 206 (S.D.N.Y. 2007).

There are at least two related problems with plaintiff's fraud claim, one legal, and one logical. The legal problem arises from the fact that she has had no dealings with the Trustee or its servicing agent. She dealt only with her lender, New Century. This means that the Trustee and its servicing agent could not have made any misrepresentations to her, nor could they have failed to provide her with any material facts. Plaintiff may or may not have a claim for damages against New Century, but because the Trustee is a stranger to her, and her claim is based on something that the Trustee supposedly omitted to tell her, she cannot state a fraud claim against the Trustee or its agent to invalidate the mortgage. As the Court made clear in <u>Grimes v. Fremont General Corp.</u>, 933 F. Supp. 2d 584, 607-08 (S.D.N.Y. 2013), upon similar allegations, "[u]nder New York law, an omission, even if material, does not give rise to a fraud claim absent a fiduciary relationship." This is because there is no duty to speak on the part of one who is not a party to the transaction. The fact that the Trustee purchased the mortgage and loan from New Century did not create a fiduciary relationship between it and plaintiff.

The logical problem with plaintiff's theory is that it makes no sense financially. Why would the Trustee or its agent want her to default? Investors in the pool realize more on their investments if there are fewer defaults in the mortgage pool, not more. She has given no

7

indication of how the Trustee or its agent stood to gain if she defaulted, and I cannot think of any.

More fundamentally, every mortgage loan creates the ability to foreclose if the borrower does not pay, and plaintiff gives no indication of how this loan was different. If what plaintiff is trying to allege is that defendants did not tell her that they intended to pool her loan and securitize the pool, she has offered no indication of why, as a borrower, that would make any difference to her. Just like any other mortgage loan, if she timely paid it, there could be no foreclosure, and if she did not timely pay it, then she would be in the same position as any other mortgagor. See Coleman v. Deutsche Bank Nat'l Trust Co., No. 15 Civ. 1080, 2015 WL 2226022 (D.N.J. May 12, 2015) (no duty to disclose the post-closing securitization of the loan). There is no effort by plaintiff to plead any facts showing either reasonable reliance on any statement or omission by defendants, or materiality of such statement or omitted statement.

C. Unjust Enrichment

Unjust enrichment is a quasi-contract claim designed to prevent a person from enriching himself at the expense of another. Barbagallo v. Marcum LLP, 820 F. Supp. 2d 429 (E.D.N.Y. 2011). To prevail on a claim for unjust enrichment in New York "a plaintiff must establish 1) that the defendant benefitted; 2) at the plaintiff's expense; and 3) that equity and good conscience require restitution." Kaye v. Grossman, 202 F.3d 611, 616 (2d Cir. 2000). The existence of a valid written contract generally precludes proceeding on grounds of unjust enrichment unless there is a bona fide dispute over the existence of the contract. Barbagallo, 820 F. Supp. at 443. An agreement consisting of a "note and mortgage" is a contract which bars recovery for unjust enrichment. See Lum v. New Century Mortg. Co., 19 A.D.3d 558 (2d Dep't 2007); Utreras v. Aegis Funding Corp., No. 13 Civ. 291, 2013 WL 789614 (E.D.N.Y. Mar. 1, 2013).

Plaintiff argues that no defendant lawfully holds the note and mortgage. As discussed above, plaintiff has no viable theory to challenge the mortgage.

Plaintiff also alleges defendants were unjustly enriched because they charged her late fees for payments that were timely posted to her account. However, the documentation provided by plaintiff shows just the opposite. It demonstrates that plaintiff was only charged late fees when her payments were untimely.

There is nothing unjust about expecting a borrower to pay back the money she borrowed under the terms at which she agreed to pay it back. To the contrary, it would be unjust to let her have free money, thus making the banking system more expensive for the consumers who use it and meet their obligations.

### D. Wrongful Foreclosure Intention Action

This is not a tort recognized under New York law. See Pawaroo v. Countrywide Bank, No. 09 Civ. 2924, 2010 WL 1048822 (E.D.N.Y. Mar. 18, 2010).

### E. Civil Conspiracy

Under New York law, a claim for civil conspiracy is not an independent tort, but rather, is a derivative claim of an underlying substantive tort. See Sackman v. Ligett Grp., Inc., 965 F. Supp. 391 (E.D.N.Y. 1997). Allegations of conspiracy may survive in a complaint to connect the actions of individual defendants to an actionable underlying tort and establish that those acts flow from a common scheme or plan. See Decter v. Second Nature Therapeutic Program, LLC, 42 F. Supp. 3d 450, (E.D.N.Y. 2014). Since plaintiff has failed to state any claims, she cannot state a conspiracy claim.

F. Leave to Amend

Although plaintiff has not requested leave to file an amended complaint, I have carefully considered whether to grant such leave because she is proceeding *pro se*. Generally, a *pro se* complaint that fails to state a claim should not be dismissed without granting leave to amend "at least when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 71 F.3d 794, 795 (2d Cir. 1999). However, it is axiomatic that leave to amend need not be granted when the substantive deficiencies in the complaint establish that amendment would be futile. See Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000). A proposed claim is futile only if it is clearly frivolous or legally insufficient on its face. See Saxholm AS v. Dynal, Inc., 938 F. Supp. 120 (E.D.N.Y. 1996).

I see no way in which plaintiff could cure the deficiencies in any of her claims. At the outset, I note that in reaching this conclusion, I have the benefit of plaintiff's extensive submissions on the motion and her motion for reconsideration (addressed below). The problem is not with the words alleged – that is, it is not that more or better words could make better claims. Rather, it is that each claims fails as a legal theory of recovery. The law simply does not recognize the claims she has advanced, nor can I conceive of any others based on the facts that she has identified in connection with her loan. The short life of this case has already seen extensive litigation, and I conclude that prolonging it further would be an exercise in futility.

II. **Plaintiff's Rule 60 Motion**

Plaintiff contends, pursuant to Rules 60(b)(3) and 60(b)(6) of the Federal Rules of Civil Procedure, that she should be relieved from the Order dismissing her federal claims. In relevant parts, Rule 60(b) allows the court to relieve a party from final judgment based upon fraud,

misrepresentation, or misconduct by an opposing party, or any other reason that justifies relief. The purpose of Rule 60(b) is "to strike a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Rule 60(b), however, is available only upon a showing of exceptional circumstances because it allows "extraordinary judicial relief." Id. To gain relief under Rule 60(b)(3), the party must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct. See Catskill Dev., LLC v. Park Place Entm't Corp., 286 F. Supp. 2d 309 (S.D.N.Y. 2003). The party moving under Rule 60(b)(3) must also show that this conduct "prevented the movant from fully and fairly presenting his case." Id. at 312.

Plaintiff's motion simply reasserts many of the same arguments she made in her voluminous complaint and opposition to defendants' motion to dismiss. Plaintiff argues her RESPA claim was incorrectly dismissed because the mortgage documentation was invalid, defendants have unclean hands, and defendants did not adequately respond to her Qualified Written Request ("QWR"). She argues her TILA claim was improperly dismissed because the statute of limitations should not apply if the loan was invalid, plaintiff did not receive adequate notice of her right to rescind the mortgage, and equitable tolling should extend the statute of limitations because of defendants' fraud. Finally, plaintiff argues that because her mortgage was not valid her failure to pay it should not impact her credit ratings and defendants have violated the FCRA by reporting her to the credit bureaus. None of these arguments entitle plaintiff to amendment of this Court's judgment.

First, plaintiff's claims under RESPA are time barred by a one year statute of limitations. Second, defendants adequately responded to plaintiff's QWR requests. Although their responses may have not answered all of plaintiff's questions about her mortgage, they complied with the

requirements of the statute and there is no evidence of fraud or other misconduct. See 12 U.S.C. § 2605(e). Second, the TILA rescission right does not apply to residential mortgage transactions and there is a three year limitations period that expired by the time plaintiff brought her claim. See 17 U.S.C. § 1635(f); Grimes, 785 F. Supp. 2d 269.

Additionally, equitable tolling does not extend plaintiff's limitations period. The doctrine of fraudulent concealment can toll a statute of limitations if "(1) the defendant wrongfully concealed material facts relating to defendant's wrongdoing; (2) the concealment prevented plaintiff's 'discovery of the nature of the claim within the limitations period'; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Papapietro v. Popular Mortg. Servicing Co., No. 13 Civ. 2433, 2014 WL 5824682, at *8 (E.D.N.Y. Nov. 10, 2014) (citing Koch v. Christie's Int'l, PLC, 699 F.3d 141, 157 (2d Cir. 2012)). None of the additional documentation provided by plaintiff indicates that defendants wrongfully concealed any material facts under TILA.

Finally, plaintiff's request to reinstate her FCRA cause of action is without merit. As stated in this Court's prior decision, plaintiff failed to meet the threshold requirements for a claim under the FCRA.

## CONCLUSION

Defendants' motion for reconsideration [39] is granted. Plaintiff's motion for reconsideration [40] is denied. The Clerk is directed to enter an Amended Judgment dismissing the complaint. The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from

this Court's Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       January 7, 2016